| | |
|---|---|
| DIONICIO SOLORIO,<br>CDCR #AN-6346,<br><br>                              Plaintiff,<br><br>     vs.<br><br>M. L. MONTGOMERY, Warden and<br>JOHN DOES 1 & 2 Correctional Officers,<br><br>                             Defendants. | Case No.: 19cv2193-JAH (MDD)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

On November 18, 2019, Plaintiff Dionico Solorio, a California state prisoner incarcerated at Calipatria State Prison ("Calipatria") in Calipatria, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging two John Doe Correctional Officers used excessive force in violation of the Eighth Amendment by shooting him during a fight and that Warden Montgomery failed to adequately train them. (ECF No. 1.) He has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I. IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629. Prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. ___, ___, 136 S. Ct. 627, 629 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Plaintiff has submitted copies of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Prison Certificate attested by a CDCR trust account official. (ECF No. 2 at 4-8). These documents show that he had an average monthly balance of $141.00 and average monthly deposits of $25.00 for the 6-months preceding the filing of this action, but an available balance of zero at the time of filing. (*Id.*)

The Court **GRANTS** Plaintiff's Motion to Proceed IFP, declines to exact any initial filing fee because his prison certificates indicate he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Petitioner is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged depribation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint presents a single cause of action for violation of his Eighth Amendment right to be free from cruel and unusual punishment arising from the use of excessive force. (ECF No. 1 at 3.) He alleges that on the morning of November 16, 2016, while housed at Calipatria, he was waiting in line for breakfast when a fist fight started behind him. (*Id*. at 4.) Plaintiff states that he tried to move away but became pinned to the wall by the two fighting inmates, one of whom was his cellmate, and "found himself being hit from every direction, at which point he tried to defend himself but couldn't." (*Id*.) Plaintiff "heard a shot from a 40 mm gun and felt the impact of a round on the top of his head. He couldn't see because there was blood running from the top of his head into his eyes. Then he heard another shot from the 40 mm gun and felt the impact of that round on the right side of his face and right eye." (*Id*.)

Plaintiff states he was stunned by the impact of the rounds, could not see because blood was in his eyes, his ears were ringing, and nearly lost consciousness as the fighting stopped. (*Id*.) He was transported for medical treatment to the Central Health Triage Center at Centinela, and from there taken to the Brawley Medical Center where doctors used eleven sutures to close his head wound. (*Id*.) The Brawley Medical Center was unable to treat his eye injuries and he was taken by air ambulance to the Desert Regional Trauma Center where he received a cat-scan and was found to have a broken right orbital socket

with a concussion. (*Id*. at 4-5.) He claims his injuries "are the direct result of plaintiff being intentionally shot 'twice' in the head and face area by vindictive maliciously negligent Correctional Officers with a 40 mm Impact Round." (*Id*. at 5.)

"[A] prison official violates the [Cruel and Unusual Punishments Clause of the] Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" . . . he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

For claims arising from the use of excessive force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). When alleging a breach of the duty to protect prisoners, a plaintiff must "show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013).

Plaintiff alleges that the two John Doe Correctional Officers who fired the two rounds which hit him were "vindictive [and] maliciously negligent." (ECF No. 5.) The facts as alleged in the Complaint, that Plaintiff was involved in a fist fight with two other inmates, albeit inadvertently and attempting to defend himself, which was broken up by two Correctional Officers who fired rounds which hit Plaintiff and injured him, do not satisfy the pleading requirement that the officers were not acting in a good-faith effort to stop the fight but were acting maliciously or sadistically to cause Plaintiff harm. The use of the terms "vindictive [and] maliciously negligent" to describe the officers' behavior are conclusory allegations without factual support and as such do not plead an Eighth Amendment violation. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim). If Plaintiff wishes to proceed with this claim, he must allege facts which, if proven, show that the two Correctional Officers were not acting in a good faith effort to break up the fight which he admits he was engaged in, albeit inadvertently and while attempting to defend himself, but acting maliciously and sadistically in order to cause him harm. Accordingly, the Complaint must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### C. Doe Pleading & Individual Liability

Plaintiff has identified the two Calipatria Correctional Officers who he alleges shot him as John Doe Defendants. The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Plaintiff may seek discovery to obtain the names of the Does and later amend his pleading in order to substitute the true names of those defendants, unless it is clear that discovery will not uncover their identities, or that his complaint is subject to dismissal on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999), citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored.")

The only other Defendant named in the Complaint is the Warden of Calipatria, who Plaintiff seeks to hold liable for a failure to train the two Correctional Officers who allegedly shot him. (ECF No. 1 at 2.) The simple role as a supervisory official is insufficient to support a personal misconduct claim under § 1983. *See Iqbal*, 556 U.S. at 677 ("[E]ach government official [in a § 1983 suit], his or her own title notwithstanding, is only liable for his or her own misconduct.") In order to state a § 1983 claim based on a

failure to train, Plaintiff must allege that Warden Montgomery "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." *Flores v County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014), citing *Connick v. Thompson*, 563 U.S. 51, 58 (2011). Plaintiff must also allege a pattern of similar constitutional violations because isolated incidents are insufficient to allege that Warden Montgomery was put on "notice that a course of training is deficient in a particular respect" and that "the absence of such a course will cause violations of constitutional rights." *Id*. The Complaint as presently drafted fails to allege facts which if proven would support a § 1983 claim against Warden Montgomery.

Accordingly, the Court also dismisses Plaintiff's Complaint as to Defendant Warden Montgomery for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b); *Iqbal*, 556 U.S. at 678.

To the extent Plaintiff seeks to bring a claim for negligence under state law, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") Because the Court dismissed Plaintiff's federal law claim, the Court declines to exercise supplemental jurisdiction over any state law negligence claim to the extent he sought to bring such a claim.

### D. <u>Leave to Amend</u>

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege a § 1983 claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**III. Conclusion and Orders**

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him 45 leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Any amended complaint must be complete by itself without reference to an original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: January 20, 2020

_____
Hon. John A. Houston
United States District Judge