1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11   DIONICIO SOLORIO,                          Case No.  3:19-cv-02193-JAH-MDD
     CDCR #AN-6346,
12                                              **ORDER DISMISSING CIVIL**
                                    Plaintiff,  **ACTION PURSUANT**
13                                              **TO 28 U.S.C. § 1915(e)(2) AND**
                  vs.                           **§ 1915A(b) AND FOR FAILING**
14                                              **TO PROSECUTE IN COMPLIANCE**
                                                **WITH COURT ORDER**
15                                              **REQUIRING AMENDMENT**
     C/O JOHN DOE (1), Correctional Officer;
16   C/O JOHN DOE (2), Correctional Officer;
     W.L. MONTGOMERY, Warden,
17
                                   Defendants.
18

19

20          Plaintiff Dionicio Solorio, while incarcerated at Calipatria State Prison ("CAL"),

21   and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.")

22   on November 18, 2019, alleging that two unidentified CAL Correctional Officers used

23   unreasonable force when breaking up a 2016 fight between two of his fellow inmates, and

24   that Warden Montgomery failed to adequately train those Officers. *See* Compl., ECF No.

25   1, at 3-5.

26   **I.     Procedural History**

27          On January 21, 2020, the Court granted Solorio's Motion to Proceed *In Forma*

28   *Pauperis* ("IFP"), but dismissed his Complaint for failing to state claim pursuant to 28

U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 4. Solorio was notified of his pleading deficiencies, and he was granted 45 days leave to file an Amended Complaint that fixed them, if he could. *Id.* at 4-7. Solorio was also warned his failure to amend would result in the dismissal of his case. *Id.* at 8-9 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Solorio's Amended Complaint was due on or before March 6, 2020, and three months have passed since the Court issued its January 21, 2020 Order. But to date, Solorio has failed to file an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum– either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.    Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Solorio's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's January 21, 2020 Order. The Clerk is **DIRECTED** to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: April 20, 2020                  _____

Hon. John A. Houston
United States District Judge